STATE EX REL. SIMPSON, RELATRIX *v.* VOTAW, JUSTICE OF THE PEACE, RESPONDENT.

[Submitted May 15, 1896.   Decided May 18, 1896.]

CERTIORARI—*Justice of the peace—Inserting name in execution.*—The issuance of an execution by a justice of the peace is a judicial act and where he has inserted in the writ the name of one who is a stranger to the judgment, *certiorari* will lie to review his action. In such case an action in trespass for damages is not a speedy or adequate remedy, nor would the relator be required to move in the justice court that the execution be set aside.

*Appeal from First Judicial District, Lewis and Clarke County.*

APPLICATION for writ of *certiorari* to review action of justice of the peace in issuing an execution against the property of relatrix. The writ was granted by BUCK, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

Proceeding for writ of *certiorari.* The affidavit for the writ in this case shows that on the 17th day of March, 1894, Suesser & Aichele, co-partners, commenced a suit in respond-

ent's court against J. B. Simpson, the husband of relatrix, for $25.25 on an account; that summons was issued against J. B. Simpson in said suit. The constable served the summons on J. B. Simpson by delivering a copy and reading the same to the relatrix, as the wife of the defendant, J. B. Simpson. On the 3d day of April, 1894, judgment was rendered by said justice against J. B. Simpson and in favor of the said Suesser & Aichele for the amount of the account and costs. On the 27th day of April, 1894, the justice issued execution on said judgment against said J. B. Simpson. On the 26th day of October, 1894, the justice issued an alias execution in the case against J. B. Simpson and this relatrix; the name of the relatrix having been inserted in said alias execution by the justice without her knowledge or consent. Under the alias execution the constable seized property belonging to the relatrix in her own name.

The answer or return of the justice contains no substantial denial of the facts alleged in the affidavit of the relatrix. Upon a hearing in the district court the court found that the relatrix was never served with summons in the case; that she was not a party to the suit, and had never appeared as a party to the suit of Suesser & Aichele against J. B. Simpson in said justice's court. The court further found that the justice, by entering the name of relatrix as a party to the suit, and placing her name in the alias execution on the 26th day of October, 1894, which the justice admits having done, exceeded his jurisdiction, and entered judgment that relatrix was entitled to the writ of *certiorari* prayed for. From this judgment the justice, A. C. Votaw, appeals.

*E. A. Carleton,* for Appellant.

*F. N. McIntire,* for Respondent.

PEMBERTON, C. J.—Appellant here contends that relatrix had a plain, speedy and adequate remedy at law; that she had a right of action against the justice; and that she should at least have gone before the justice, and moved to vacate the ex-

ecution, before bringing this suit.    For these reasons counsel for appellant contends that the district court erred in issuing the writ of *certiorari*.

It may be true that relatrix could have permitted the constable to sell her property under the alias execution, and then sued him, the justice, and all other persons concerned in the taking and selling of her property thereunder in trespass for damages.    But this remedy, we think, would not have been speedy or adequate.    We think the relatrix, being a stranger to the judgment and execution under consideration, was not required to go into court to ask that the unauthorized alias execution be set aside.    She had the right to treat the issuing thereof and the seizure of her property thereunder as unauthorized, and take such proceedings as were necessary to determine whether the justice had jurisdiction to issue the same.

Appellant's counsel say the issuing of the alias execution was a ministerial act, and therefore cannot be investigated in this proceeding.    When the justice decided—evidently on the motion of some one—that he had the power or jurisdiction to issue the alias execution with the name of relatrix inserted therein as an execution defendant, he acted judicially.    His acting as his own clerk, and issuing the execution, does not relieve the act of its judicial character.

We are clearly of the opinion that the justice had no jurisdiction to make relatrix a party to the suit and execution under discussion.    We think the writ of *certiorari* was properly issued by the district court.    The judgment appealed from is affirmed.

*Affirmed.*

HUNT, J., concurs.    DE WITT, J., not sitting.